UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

STANLEY HALL-KRABILL,

    Plaintiff,

v.                               Case No: 2:18-cv-399-FtM-29UAM

MARY ANDERSON, State Attorney, CHRISTOPHER FRYE, Attorney, KATHLEEN A. SMITH, Public Defender, ASMA ANWAR, Public Defender, J. FRANK PORTER, and STATE OF FLORIDA,

    Defendants.
_____

## **ORDER OF DIMISSAL**

This matter comes before the Court upon review of the file. Plaintiff, while a pretrial detainee in the Lee County Jail, filed a civil rights complaint form pursuant to 42 U.S.C. § 1983 (Doc. #1, Complaint) accompanied by a motion to proceed *in forma pauperis* (Doc. #2). Because Plaintiff is a prisoner and seeks leave to proceed *in forma pauperis*, the Court must review the Complaint pursuant to the provisions of 28 U.S.C. § 1915A and § 1915(e). Having reviewed Plaintiff's Complaint and attachments, the Court finds it is subject to dismissal without prejudice pursuant to 28 U.S.C. §§ 1915A (b)(1) and (2) and/or §§ 1915(e)(2)(B)(ii) and (iii).

**I.**

The Complaint names the following as defendants in both their individual and official capacities: Mary Anderson, State Attorney; Christopher Frye, Public Defender, Kathleen A. Smith, Public Defender, Asma Anwar, Public Defender, Judge J. Frank Porter, and the State of Florida. (Doc. #1 at 2-3). Plaintiff alleges violations of his civil rights stemming from the "[t]he fact that Lee County took 89 days to charge [Plaintiff], but never released [him] after the 40th day on [his] own recognizance." (Doc. #1 at 6). Plaintiff avers that he was arrested on January 26, 2018 but was not charged with an offense for 89 days and was not released after his 40th day. (Id.) Plaintiff claims that the failure to timely charge him or release him violates Florida law. (Id.) In support, Plaintiff attaches the following exhibits: a March 17, 2018, letter from Plaintiff to Asma Anwar in which Plaintiff cites to Fla. R. Crim. P. Rule 3.134 (Doc. #1-1 at 2-3); a photocopy of Fla. R. Crim. P. Rule 3.134[1] (Doc. #1-1 at 4); a February 20, 2018,

---

[1] In pertinent part, Fla. R. Crim. P. Rule 3.134 provides that:

> The state shall file formal charges on defendants in custody by information, or indictment . . . within 30 days from the date on which the defendants are arrested . . . . If the defendant remains uncharged, the court on the 30th day and with notice to the state shall:
>
> > (1) Order the defendant automatically be released on their own recognizance on the 33rd day unless the state files formal charges by that date; or
> >
> > (2) If good cause is shown by the state,

letter from the Office of the Public Defender to Plaintiff notifying Plaintiff of his Arraignment on February 26, 2018 (Doc. #1-1 at 5); an Amended Information dated April 24, 2018 charging Plaintiff with violating Fla. Stat. 794.011(b)(b), Sexual Activity with a Child, First Degree Felony, Punishable by Life (Doc. #1-1 at 6-7); and a Notice of Hearing on Defendant's Motion for Release on Own Recognizance or Reduction of Bond scheduled for April 2, 2018 (Doc. #1-1 at 9).

Liberally construed, the Complaint alleges that Plaintiff's over-detention, <u>i.e.</u>, his imprisonment past forty days, violated his Fourteenth Amendment right to be free from continued detention. <u>See</u> <u>West v. Tillman</u>, 496 F.3d 1321, 1327 (11th Cir. 2007). The Complaint also appears to allege a Sixth Amendment violation stemming from appointed counsel's "deficient conduct" in failing "to argue the merits" and "provide reason" for holding Plaintiff past the 40 days or arguing successfully for a bail reduction. (Doc. #1 at 8-9). Alternatively, Plaintiff claims that the Public Defender "conspired to falsely keep me in custody past my 40th day with the State Attorney's Office," but fails to allege any facts supporting an inference of a conspiracy. (Doc. #1 at 9). As relief, Plaintiff seeks damages in excess of $10 million against

---

order that he defendants automatically be released on their own recognizance on the 40th day unless the state files formal charges by that date.

each defendant for lost wages, mental and emotional distress, deprivation of life, liberty and the pursuit of happiness, loss of residence, lost property "due to wife filing for divorce while incarcerated" and attorney fees for divorce, as well as an additional $10 million for violations of his Sixth, Eighth and Fourteenth Amendment rights. (Doc. #1 at 11).

**II.**

Because Plaintiff is a "prisoner"[2] and seeks to proceed *in forma pauperis*, the Court is required to review the Complaint and "dismiss the complaint, or any portion of the complaint" if the Court finds that the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted; or, alternatively "seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(a)-(b); see also 28 U.S.C. § 1915(e)(2).

A complaint may be dismissed as frivolous under § 1915 where it lacks an arguable basis in law or fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989). A claim is frivolous as a matter of law where, *inter alia*, the defendants are immune from suit or the claim seeks to enforce a right that clearly does not exist. Id. at 327. In addition, where an affirmative defense would defeat a claim, it

---

[2] Despite his pretrial detainee status, (see Doc. #1 at 5), Plaintiff is considered a prisoner for purposes of review under 28 U.S.C. § 1915A, as the term includes "any persons incarcerated or detained in any facility who is accused of . . . violations of criminal law. . .." Id. § 1915A(c).

may be dismissed as frivolous. Clark v. Ga. Pardons & Paroles Bd., 915 F.2d 636, 640 n.2 (11th Cir. 1990).

The phrase "fails to state a claim upon which relief may be granted" has the same meaning as the nearly identical phrase in Federal Rule of Civil Procedure 12(b)(6). See Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997) ("The language of section 1915(e)(2)(B)(ii) tracks the language of Federal Rule of Civil Procedure 12(b)(6), and we will apply Rule 12(b)(6) standards in reviewing dismissals under section 1915(e)(2)(B)(ii)."). See also Thomas v. Rundle, 393 F. App'x 675, 678 (11th Cir. 2010). That is, although a complaint need not provide detailed factual allegations, there "must be enough to raise a right to relief above the speculative level," and the complaint must contain enough facts to state a claim that is "plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555–56 (2007). "A claim is factually plausible where the facts alleged permit the court to reasonably infer that the defendant's alleged misconduct was unlawful. Factual allegations that are 'merely consistent with' a defendant's liability, however, are not facially plausible." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

In making the above determinations, all factual allegations in the complaint must be viewed as true. Brown v. Johnson, 387 F.3d 1344, 47 (11th Cir. 2004). However, "[courts] are not bound to accept as true a legal conclusion couched as a factual

allegation." Twombly, 550 U.S. at 555. Nonetheless, the Court must read the plaintiff's *pro se* allegations in a liberal fashion. Haines v. Kerner, 404 U.S. 519 (1972). Ordinarily, a *pro se* litigant must be given an opportunity to amend his complaint. Brown at 1349. However, if an amendment would be futile, the district court may deny leave to amend. Bryant v. Dupree, 252 F.3d 1161, 1163 (11th Cir. 2001). See also Howard v. Memnon, 572 F. App'x 692, 696-97 (11th Cir. 2014) (district court did not abuse its discretion in dismissing complaint as frivolous where no facts supported constitutional violation and no indication a more carefully drafted pleading might state a claim.).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that (1) the defendant deprived him of a right secured under the Constitution or federal law, and (2) the deprivation occurred under color of state law. Bingham v. Thomas, 654 F.3d 1171, 1175 (11th Cir. 2011) (citing Arrington v. Cobb County, 139 F.3d 865, 872 (11th Cir. 1998). In addition, a plaintiff must allege and establish an affirmative causal connection between the defendant's conduct and the constitutional deprivation. Marsh v. Butler County, Ala., 268 F.3d 1014, 1059 (11th Cir. 2001); Swint v. City of Wadley, Ala., 51 F.3d 988, 999 (11th Cir. 1995); Tittle v. Jefferson County Comm'n, 10 F.3d 1535, 1541 n.1 (11th Cir. 1994).

**III.**

The Court, having considered Plaintiff's Complaint and the exhibits attached thereto,[3] finds this case subject to dismissal because it lacks arguable basis in fact. Neitzke v. Williams, 490 U.S. at 325. Significant is the fact that Plaintiff attaches as an exhibit the Amended Information filed April 24, 2018 (Doc. #1-1 at 6-7). The fact that an Amended Information was filed indicates that an initial Information was filed earlier in time. Indeed, a review of the Lee County Clerk's docket in Plaintiff's underlying criminal case at 18-CF-000038-(JFP) reveals that on January 26, 2018, Plaintiff was arrested and booked into the Lee County Jail and charged with violating Florida Statute 794.011(8)(a), Sexual Assault, Sexual Battery Act by Custodian, Victim Under 18, a Third-Degree Felony.[4] Plaintiff was arraigned on January 27, 2018. On February 22, 2018, Mary Anderson, Assistant State Attorney, filed an Information and amended the charges against Plaintiff to violating Florida Statute 794.011(8)(b), Sexual Activity with a

---

[3] The Federal Rules of Evidence provide that a court may take judicial notice of an adjudicative fact "that is not subject to reasonable dispute" because it "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201 (b)(2). Further, "the court may take judicial notice at any stage of the proceeding." Id., 201(d); McDowell Bey v. Vega, 588 F. App'x 923, 926-927 (11th Cir. 2014); see also Report & Recommendation, Davis v. McKenzie, Case No. 16-62499, 2017 WL 8809918 (S.D. Fla. Nov. 30, 2017) adopted by Davis v. McKenzie, 2018 WL 1813897 (Jan. 19, 2018)(taking judicial notice of documents filed by plaintiff in another court in *sua sponte* dismissing complaint pursuant to 28 U.S.C. § 1915).

[4] https://matrix.leeclerk.org/DocView.

Child, a First-Degree Felony. Consequently, contrary to the averments in the Complaint, the State filed an Information formally charging Plaintiff within 27 days from the date that Plaintiff was arrested and placed in custody. Moreover, even if Plaintiff had been denied rights afforded him under Florida law, it is clear that a violation of state law is not, alone, sufficient to state a federal claim under § 1983. Knight v. Jacobson, 300 F.3d 1272, 1276 (11th Cir. 2002).

**IV.**

Alternatively, Plaintiff cannot bring a § 1983 claim against Christopher Frye, Kathleen A. Smith, and Asma Anwar, from the Public Defender's Office. The Supreme Court has held that a public defender "does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding." Polk County, et al. v. Dodson, 454 U.S. 312, 325 (1981) (footnote omitted); Hall v. Tallie, 597 F. App'x 1042, 1044 (11th Cir. 2015); Grinder v. Cook, 522 F. App'x 544, 547 (11th Cir. 2007). Consequently, counsel with the Public Defender's Office are not deemed state actors and no viable § 1983 claim is stated to the extent the Amended Complaint attributes liability to the Public Defenders in connection with their handling, or alleged mishandling, of Plaintiff's underlying criminal case. Further, while "a public defender may be liable under § 1983 if he or she conspires with someone who did deprive

the plaintiff of one or more of his legally recognized rights under color of state law," Hall v. Tallie, 597 F. App'x 1042, 1044 (11th Cir. 2015), a plaintiff must allege sufficient facts and cannot rely upon mere conclusory allegations to demonstrate a conspiracy. Kearson v. Southern Bell Tel. & Tel. Co., 763 F. 2d 405, 407 (11th Cir. 1985) ("In civil rights and conspiracy actions, conclusory, vague, and general allegations of conspiracy may justify dismissal of a complaint."); see also Barr v. Gee, 437 F. App'x 865, 875 (11th Cir. 2011) (affirming district court's *sua sponte* dismissal of arrestee's § 1983 complaint containing only conclusory allegations of conspiracy between public defender and state officials).

Further, Plaintiff's claims against the Mary Anderson, Assistant State Attorney, are barred because "prosecutors are entitled to absolute immunity from suits under section 1983 for activities that are intimately associated with the judicial phase of the criminal process." Allen v. Florida, 458 F. App'x 841, 843 (11th Cir. 2012) (internal quotations and citations omitted). Notably, the Complaint contains no allegations as to Judge Porter, other than naming Judge Porter as a defendant. (See generally Doc. #1). Regardless, judges are entitled to absolute immunity from lawsuits or actions taken in their judicial capacity unless the actions were undertaken in "complete absence of all jurisdiction." Id.; see also Wahl v. McIver, 773 F.2d 1169, 1172

(11th Cir. 1985). Immunity attaches even if the actions "are in excess of their jurisdiction and alleged to have been done maliciously or corruptly." Whal, Id. (quoting Bradley v.Fisher, 80 U.S. (13 Wall.) 335, 351 (1871)). Similarly, no action may lie against the State of Florida because the Eleventh Amendment bars suits against the State brought by private citizens. Will v. Mich. Dep't of State Police, 491 U.S. 58, 66 (1989); McClendon v. Ga. Dep't of Comm. Health, 261 F. 3d 1252, 1256 (11th Cir. 2001).

Accordingly, it is hereby

**ORDERED:**

1. The Complaint is **DISMISSED** without prejudice pursuant to 28 U.S.C. § 1915A(b)(1) and (b)(2) and/or § 1915(e)(2)(B)(ii) and (iii) and with prejudice as to Mary Anderson, Assistant State Attorney, Judge Porter, and the State of Florida.

2. The **Clerk of Court** shall terminate any pending motions, enter judgment, and close this file.

**DONE and ORDERED** at Fort Myers, Florida, this __6th__ day of February, 2019.

*[signature: John E. Steele]*

JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

SA: FTMP-1
Copies:
Counsel of Record